## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

QUINTIN WEBB, et al.,         )
                                      )
            **Plaintiffs,**      )
                                      )
**v.**                                 )
                                      )       **No. 05-2137–CM**
                                      )
**DELUXE FINANCIAL SERVICES, INC.,**  )
                                      )
            **Defendant.**      )
                                      )

## MEMORANDUM AND ORDER

Plaintiffs bring this employment discrimination action against defendant Deluxe Financial Services, Inc.  The case is before the court on Defendant's Motion for Partial Summary Judgment (Doc. 95) and Plaintiffs' Motion for a Continuance to Conduct Discovery and for Leave to File a Surreply (Doc. 160).  Defendant asks this court to find that some of plaintiffs' claims are time-barred.  Because the court finds that the putative class in a prior action was broad enough to include the present plaintiffs, the court denies summary judgment in part.  Because the prior putative class action did not toll some of the present claims, the court grants summary judgment in part.  Having resolved the summary judgment motion, plaintiffs' motion is denied as moot.

## I.  FACTUAL BACKGROUND[1]

This case evolved from *Aikens v. Deluxe Financial Services, Inc.*, No. 01-02427-CM, 2005 WL 1041351 (D. Kan. Mar. 2, 2005).  In *Aikens*, employees of the present defendant sought class

---

[1]  The court construes the facts in the light most favorable to plaintiffs as the non-moving parties pursuant to Fed. R. Civ. P. 56.  The parties proposed a number of uncontroverted facts which are not recounted here.  The court has included only those facts which are relevant, material, and properly supported by the record.

certification for employment discrimination claims.  The court denied the Motion for Class

Certification as moot because the *Aikens* plaintiffs filed stipulations of dismissal.  *Id.* at *6.  The

present parties disagree over the breadth of the putative class and the nature of the class claims in

*Aikens*.

Because the nature of the prior putative class is disputed, it is necessary to address the

present plaintiffs.  At one point, there were thirty-three plaintiffs in this case; fourteen remain.

These plaintiffs can be categorized as (1) plaintiffs who were defendant's employees after April 11,

2001—Quintin Webb, Herman Callands, Jr., John Parker, Jr., Charles Gore, and Phillip Bell; and (2)

plaintiffs whose employment with defendant ceased before April 11, 2001—Ron Amos, Jerome

Armstrong, Stacey MeBane, Lynda McClelland, Diana Tucker, Ruebin King, Darryl Williams,

Shyla Johnson, and Julia Torrence.  Although defendant suggests that the second group should be

further divided by business unit of employment, such division is disputed by plaintiff and

unnecessary for this decision.

All of the plaintiffs allege these claims: (1) disparate treatment based on race; (2) hostile

work environment; (3) retaliation; and (4) intentional discrimination.  Plaintiffs claim that each of

these actions violated 42 U.S.C. § 1981.  Defendant argues that some of the claims for plaintiffs

whose employment ceased before April 11, 2001 are time-barred.

## II.  STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.  SUMMARY JUDGMENT DISCUSSION

**A.      Plaintiffs who were Defendant's Employees after April 11, 2001**

Defendant asks the court to enter summary judgment against plaintiffs whose employment "ended more than four years before this lawsuit was filed."  This lawsuit was filed on April 11, 2005.  The court recognizes that defendant does not seek summary judgment for any of the claims made by plaintiffs whose employment continued after April 11, 2001.

**B.      Plaintiffs whose Employment with Defendant Ceased after April 11, 2001**

**1.      Statute of Limitations and Equitable Tolling**

Plaintiffs' claims are subject to a four-year statute of limitations.  *Cross v. Home Depot*, 390 F.3d 1283, 1288–89 (10th Cir. 2004) (stating that the four-year statute of limitations of 28 U.S.C. § 1658 applies to claims that are based on post-contract-formation conduct arising under § 1981 after December 1, 1990).  The filing of a class action suit tolls the statute of limitations for putative class members.  *Sawtell v. E.I. du Pont de Nemours and Co., Inc.*, 22 F.3d 248, 253 (10th Cir. 1994) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983)).  The tolling continues until the class certification is denied.  *Id.*

The *Aikens* plaintiffs first alleged a class action suit in the Second Amended Complaint, which they filed on March 6, 2002.  (*Aikens* Doc. 17).  While it is arguable whether this complaint relates back to the first complaint under Federal Rule of Civil Procedure 15(c), such an analysis is unnecessary for the court's present decision.  This court denied class certification on March 2, 2005. *Aikens*, 2005 WL 1041351 at \*6**.**   For this decision, the court considers the statute of limitations for putative class claims tolled from at least March 6, 2002 to March 2, 2005.  Applying the tolling

period to the statute of limitations suggests that any claim regarding employment practices that ended before approximately April 15, 1998 would be barred regardless of its association with the *Aikens* class.

With one exception, the parties agree that defendant employed each of the remaining plaintiffs after April 15, 1998. Defendant argues that Lynda McClelland's employment ended on March 2, 1998. Plaintiffs respond, and defendant agrees, that Lynda McClelland received a payroll check on February 26, 1999. To the extent that Lynda McClelland's claims relate to this payroll check, her claims are not barred.

In addition to the dates of employment and filing computations, two other questions must be answered to determine if any claims are barred. First, the court must distinguish which plaintiffs are members of the putative class. Second, the court must determine which claims the putative class action tolled.

**2.  Putative Class Members**

The putative class consists of "all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Sawtell*, 22 F.3d at 253–54 (quoting *Crown, Cork & Seal*, 462 U.S. at 353–54). To distinguish which persons were included in a putative class, courts typically first examine the complaint. *See Smith v. Pennington*, 352 F.3d 884, 893 (4th Cir. 2003) (citations omitted). For clarification, courts also may consider additional evidence, such as the motion for class certification, "that demonstrates the extent of the class the plaintiff represented to the district court" to be certified. *Id.*

The class size represented to this court to be certified was "all African-American non-exempt employees . . . by Deluxe from January 1, 1998 to the present in eleven locations across the

country."[2]  *Aikens*, 2005 WL 1041351 at *2.  The *Aikens* plaintiffs used this definition in the class action complaint and the motion for class certification.  Had the court granted the class certification the *Aikens* plaintiffs sought, this class would have been permitted to continue as a class action.

Defendants argue that the putative class should only include employees who worked in the manufacturing operations.  Although the *Aikens* plaintiffs repeated this definition in the reply brief supporting their Motion for Class Certification, the reply brief never asked this court to consider only the narrower manufacturing operations employee class and continued to seek certification for the broader all African-American employee class.  Defendants' contention that only manufacturing employees are members of the putative class fails.

## 3.    Putative Class Claims

Although filing a class action tolls the statute of limitations for putative class members, it only tolls claims that "'concern the same evidence, memories and witnesses'" as the putative class claims.  *Zapata v. IBP, Inc.*, No. 93-2366-EEO, 1997 WL 86461, at *3 (D. Kan. Feb. 20, 1997) (quoting *Crown, Cork & Seal*, 462 U.S. at 352–54).  Filing a class action does not toll claims that are "different or peripheral."  *Id.*

The *Aikens* class action complaint and the motion for class certification based the putative class claims on allegations of discriminatory compensation, promotion, and training policies and practices.[3]  No *Aikens* class action filing explicitly alleged a hostile work environment claim or facts relevant to such a claim.  The majority of the present claims relate to the *Aikens* putative class claims, but this case also includes a hostile work environment claim.  Whether *Aikens* tolled the

---

[2]  All of the named plaintiffs for the putative class and in the present action worked at the Kansas City (Lenexa), Kansas location.

[3]  The class action complaint also alleged a failure to hire claim.  The parties agree, however, that this claim was not pursued and is not presently at issue.

hostile work environment claim is at issue.

Plaintiffs argue that the *Aikens* class action complaint asserted a hostile work environment claim by alleging that defendant maintained "a pervasive atmosphere perpetuating discriminatory treatment." In contrast, the *Aikens* individual claims explicitly alleged a hostile work environment claim and relevant facts. Moreover, the present plaintiffs also alleged that defendant maintained "a pervasive atmosphere perpetuating discriminatory treatment," but did so in relation to a claim based on intentional discrimination regarding promotion, training, and payment decisions. The present plaintiffs separately alleged their hostile work environment claim. Both the *Aikens* plaintiffs and the present plaintiffs considered the quoted statement to be unrelated to a hostile work environment claim. The *Aikens* putative class claims did not toll a hostile work environment claim. As a result, the hostile work environment claims of the plaintiffs who were not employed by defendant after April 11, 2001 are barred. Summary judgment is granted on these claims.

Defendant argues that the present action alleges eight claims beyond the pay, promotion, and training claims of the *Aikens* putative class. These include: "(1) hostile work environment; (2) retaliation; (3) wrongful discharge; (4) discrimination in evaluations, (5) discrimination in the assignment of helpers, (6) discrimination in the assignment of duties, (7) discrimination in the handling of benefits and/or (8) discrimination in the handling of work-related injuries." Defendant contends that each of these is distinct from and unrelated to the *Aikens* putative class claims, requiring the presentation of separate and "plaintiff-specific" facts.

In the order denying the *Aikens* Motion for Class Certification, this court found the facts regarding each putative class plaintiff to be "very individualized." 2005 WL 1041351 at *5. That finding, however, does not prevent the tolling of similar claims for other putative class members. Instead, the question remains whether the additional claims concern the "same evidence, memories

and witnesses." Even if the court were to accept defendant's contention that the putative class claims strictly concerned pay, promotion, and hiring discrimination and that the present action asserts new claims, the court will not determine conclusively at this stage that the additional claims do not concern the same evidence, memories, and witnesses as the putative class claims. Without more clarification, it is reasonable to assume that decisions regarding pay, promotion, and training would be connected to decisions regarding evaluations, discharge, work assistance and assignment, and benefits. Other than the separately discussed hostile work environment claims, the court denies summary judgment on the additional claims.

## IV. PLAINTIFFS' MOTION FOR A CONTINUANCE TO CONDUCT DISCOVERY AND LEAVE TO FILE A SURREPLY BRIEF

Plaintiffs request a continuance to conduct discovery and leave to file a surreply brief, arguing that defendant cited new evidence about the putative class in *Aikens*. Plaintiffs contend that the continuance and surreply will allow them to show that the putative class included the present plaintiffs. Because the court has ruled on Defendant's Motion for Summary Judgment—finding that the *Aikens* putative class included the present plaintiffs—plaintiffs' motion is denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 95) is granted on the hostile work environment claims of plaintiffs whose employment with defendant ended before April 11, 2001.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 95) is granted on any of Lynda McClelland's claims that do not relate to the payroll check on February 26, 1999.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 95) is denied on the remaining claims.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Continuance for Discovery and Leave to File a Surreply Brief (Doc. 160) is denied as moot.

Dated this 22nd day of September 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**