**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **QUINTIN WEBB, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-2137–CM |
| ) | |
| **DELUXE FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this employment discrimination action against defendant Deluxe Financial Services, Inc. The case is before the court on the Motion by Plaintiff Julia Torrence to Review the Magistrate Judge's Order of December 1, 2006 (Doc. 245). Plaintiff Torrence asks the court to review Magistrate Judge O'Hara's denial of her motion to amend her response to a request for admission.

Defendant's request for admission stated: "Julie Torrence does not assert any claims in this lawsuit other than the following: (1) because of her race, she did not receive the same increases in her hourly rate of pay as similarly situated white employees of Deluxe; and (2) she was subjected to a racially hostile work environment." Plaintiff responded: "Deny. Ms. Torrence also contends that, because of her race, she did not receive the same hourly rate of pay as similarly situated white employees of Deluxe." Plaintiff seeks to amend her response to state that she is also asserting a claim of discriminatory discharge.

Motions to amend discovery responses are nondispositive motions. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary

judgment"). The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In his order, Judge O'Hara carefully considered the pertinent law and the positions of the parties. He concluded that plaintiff was not entitled to relief under Fed. R. Civ. P. 36, 15 or 16. Rule 36 governs amendment of admissions, Rule 15 governs amendment of claims, and Rule 16 addresses when to allow amendment after a deadline set by a scheduling order.

Plaintiff Torrence seeks review of Judge O'Hara's order on two grounds: (1) the judge erroneously applied the "good cause" standard of Rule 16(b); and (2) even assuming the "good cause" standard applies, she satisfied this standard. Before Judge O'Hara, plaintiff Torrence argued that she should be allowed to amend her admission because (1) there was a change in circumstances (i.e., this court's order dismissing hostile work environment claims dismissed any wrongful discharge claim she had that was subsumed within her hostile work environment claim), and (2) defendant would not suffer prejudice under Rule 36. In her briefing to Judge O'Hara, plaintiff Torrence did not address defendant's argument that she was essentially seeking to add a claim out of time under Rules 15 and 16.

The court denies plaintiff's motion for several reasons. First, she does not object to Judge O'Hara's finding that she was not entitled to relief under Rule 36. Rule 36 presents an independent

basis for upholding the magistrate judge's order.  Second, she did not present any arguments about Rule 15 or 16 to the magistrate judge.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding that issues and theories first raised in objections to the magistrate judge's order are deemed waived).  Plaintiff Torrence filed a reply brief after defendant made its arguments citing Rules 15 and 16, but chose not to address those arguments before the magistrate judge.  Third, the court finds that Judge O'Hara's decision was neither clearly erroneous nor contrary to law.

**IT IS THEREFORE ORDERED** that the Motion by Plaintiff Julia Torrence to Review the Magistrate Judge's Order of December 1, 2006 (Doc. 245) is denied.

Dated this 21st day of May 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**