**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **QUINTIN WEBB, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-2137–CM |
| ) | |
| **DELUXE FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring this employment discrimination action against defendant Deluxe Financial Services, Inc. The case is before the court on three related motions: defendant's Motion for Clarification or, in the Alternative, to Alter or Amend the Judgment (Doc. 220); Plaintiff Lynda McClelland's Motion for Reconsideration and Clarification of the Order of September 22, 2006 (Doc. 302); and Motion to Expedite the Ruling on Plaintiff Lynda McClelland's Motion for Reconsideration and Clarification of the Order of September 22, 2006 (Doc. 310). For the following reasons, the court denies all three motions.

The court's September 22, 2006 order denied summary judgment in part and granted it in part for defendant on statute of limitations grounds. At the heart of each party's present motion is the following portion of the court's order:

> For this decision, the court considers the statute of limitations for putative class claims tolled from at least March 6, 2002 to March 2, 2005. Applying the tolling period to the statute of limitations suggests that any claim regarding employment practices that ended before approximately April 15, 1998 would be barred regardless of its association with the *Aikens* class.
> With one exception, the parties agree that defendant employed each of the remaining plaintiffs after April 15, 1998. Defendant argues that Lynda McClelland's

> employment ended on March 2, 1998.  Plaintiffs respond, and defendant agrees, that Lynda McClelland received a payroll check on February 26, 1999.  To the extent that Lynda McClelland's claims relate to this payroll check, her claims are not barred.

The court's rulings were based on arguments and evidence presented to the court at the time of briefing.  Significantly, the court began its ruling with the preface "*[f]or this decision*."  To the extent that other evidence exists that either could not have been presented to the court earlier or was irrelevant to the court's limited ruling, the court's decision in the September 22, 2006 order may not apply to every statute of limitations issue that arises in this case.  Until the court is presented with a particular scenario and the facts relevant to that scenario, the court cannot speculate whether its earlier ruling will apply to other parties' claims.

**I.  Defendant's Motion for Clarification or to Alter or Amend Judgment**

Defendant asks the court to clarify its September 22 ruling to specify that the tolling analysis in its order is limited to the claims of plaintiff McClelland.  The court finds that clarification is unnecessary and improper at this time.  To do so would be premature and based on speculation.  If the parties present a particular situation in which the court must determine whether the same analysis applies or whether alternative analysis applies, the court will address the issue at that time.

Alternatively, defendant asks the court to find that its tolling calculation was clearly erroneous.  In support of its argument, defendant references an Eleventh Circuit case as a Tenth Circuit case and misinterprets dicta contained therein to support defendant's position.  *See Bailey v. Cumberland Cas. & Surety Co.*, 180 Fed. App'x 862, 865 (11th Cir. 2006) (observing that putative class members were not prejudiced because their claims were tolled from the time the class action was filed until dismissal of the complaint).  That aside, defendant essentially asks the court to make findings that were not necessary to resolve the issues before the court.  The court declines to issue

such an opinion. The order appropriately resolves the issues that were before the court at the time it ruled. As the parties agree, "the existence, start and end of tolling must be assessed and computed on a claim by claim basis." (Def.'s br. 8; Pl.'s br. 3; Def.'s reply br. 1.) This is particularly important here, where "claim by claim" does not necessarily equal "plaintiff by plaintiff." The court denies defendant's motion.

## II.  Plaintiff McClelland's Motion for Reconsideration and Clarification

Plaintiff McClelland asks the court to clarify whether its September 22 order granted partial summary judgment as to her discrimination claims based on employment practices that ended after April 15, 1998. She also asks the court to reconsider the order to prevent manifest injustice and because she has new evidence that would support claims of discrimination based on employment practices ending after that date.

The court specified in its ruling that plaintiff McClelland could pursue claims related to the February 26, 1999 paycheck. At that time, plaintiff McClelland did not notify the court that she had any other claims that would have arisen after April 15, 1998, other than a hostile work environment claim that was barred by the statute of limitations. Plaintiff now states that newly discovered evidence indicates that she has viable claims for severance pay and for failure to rehire. Plaintiff has not offered any evidence in support of these new claims.

Plaintiff fails to meet her burden of showing that reconsideration or clarification is appropriate here. She has not demonstrated that the "newly discovered" evidence was unavailable when she initially responded to defendant's summary judgment motion. She has not shown that she was diligent in discovering the evidence, that the evidence is material, or that it would produce a different result—which is significant in light of the statute of limitations issues in this case. Plaintiff has failed to meet her burden to show that relief is warranted here.

-3-

Because the court has ruled on Plaintiff McClelland's motion for reconsideration, the court denies her motion to expedite as moot.

Defendant claims that this case is over for plaintiff McClelland, and was over on September 22, 2006. The court makes no finding here about the merits of any claim that plaintiff has relating to her February 26, 1999 payroll check. The parties debate whether plaintiff's response to a request for admission effectively denounced an intent to pursue that claim. Because the parties have not addressed the issue directly and fully in the briefing before the court, the court will not speculate whether plaintiff McClelland has a claim remaining in the case. The court assumes at this point that she does.

**IT IS THEREFORE ORDERED** that Motion for Clarification or, in the Alternative, to Alter or Amend the Judgment (Doc. 220) is denied.

**IT IS FURTHER ORDERED** that Plaintiff Lynda McClelland's Motion for Reconsideration and Clarification of the Order of September 22, 2006 (Doc. 302) is denied.

**IT IS FURTHER ORDERED** that Motion to Expedite the Ruling on Plaintiff Lynda McClelland's Motion for Reconsideration and Clarification of the Order of September 22, 2006 (Doc. 310) is denied as moot.

Dated this 22nd day of May 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**