IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **QUINTIN WEBB, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-2137-CM |
| ) | |
| **DELUXE FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Julia Torrence has one remaining set of claims in this case: that she was subjected to racially-motivated pay discrimination because she was paid less and received a lower raise than her non-minority coworkers. The case is before the court on defendant's Motion for Summary Judgment on the Claims of Julia Torrence (Doc. 259). For the following reasons, the court grants defendant's motion in part and denies it in part.

To establish a prima facie case on her § 1981 pay discrimination claim, plaintiff Torrence must show that she was "paid less, or given a lesser raise, than other similarly situated non-protected class employees." *Amro v. Boeing Co.*, 232 F.3d 790, 798 (10th Cir. 2000) (discussing Title VII claim); *see also Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir.1999) (noting that *McDonnell Douglas* framework applies to § 1981 claims as it does to Title VII claims). Plaintiff claims that she received less pay than Edna Meyer from December 27, 1997 through September 12, 1998, and that she received a comparatively lower raise in 1999 than Ms. Meyer, Nancy Isabell, Ginger Marin, and Kathy Baldwin. All of these women had tenure with the company that was similar to plaintiff's. The outcome of defendant's summary judgment motion turns on whether, taking the undisputed and relevant facts in the light most favorable to plaintiff, she has demonstrated that she is similarly

situated to these non-minority employees.[1]

The court first addresses plaintiff's claim that she received less pay than Ms. Meyer in 1997 and 1998. Presumably, plaintiff compares herself to Ms. Meyer because, at one point, Ms. Meyer was an input/edit operator in the NAK department—the same job that plaintiff held at all relevant times. The problem with plaintiff's comparison is that Ms. Meyer did not take that position until April 1999. During the time that plaintiff claims that Ms. Meyer was paid more, Ms. Meyer was in a different job, in a different department, working for a different supervisor. Plaintiff fails to establish that Ms. Meyer was similarly situated to her during the relevant time period, and therefore cannot make a prima facie case with respect to this claim.

As for plaintiff's claim that she received a relatively lower pay raise in 1999 than non-minority employees, plaintiff raises a question of fact as to whether she was similarly situated to one employee: Ms. Baldwin. Ms. Meyer and Ms. Isabell worked in different positions and departments under different supervisors than plaintiff. Ms. Marin was promoted to a different position at the time of her pay raise, making her increase a promotional increase instead of a merit increase, and plaintiff does not claim that she was illegally denied a promotion. For these reasons, plaintiff will only be allowed to compare her situation to that of Ms. Baldwin at trial.

With respect to this particular claim, defendant only argues that plaintiff cannot establish a prima facie case. The court finds that there is a question of material fact as to whether plaintiff has a

---

[1] The issues addressed in this order are the only issues raised in defendant's brief, plaintiff's response, and defendant's reply. The court has disregarded the issues and statements made in plaintiff's surreply and defendant's motion in opposition to the surreply. Defendant did not improperly raise any new arguments in its reply brief, but instead properly responded to plaintiff's arguments and evidence. The court previously advised the parties that it would disregard the content of the surreply if it was not a proper response to arguments in defendant's reply brief.

Case 2:05-cv-02137-CM   Document 317   Filed 06/07/07   Page 3 of 3

-3-

prima facie case. Defendant does not address the remainder of the *McDonnell-Douglas* burden-shifting test, and the court will not do so in the absence of arguments by defendant. Summary judgment is therefore denied on plaintiff's claim that defendant unlawfully discriminated against her in the form of her 1999 pay raise.

Defendant also argues that any claims for pay that plaintiff received prior to March 5, 1999 are time-barred. Because the only pay raise at issue is the one that plaintiff received on March 6, 1999, defendant's argument is moot.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment on the Claims of Julia Torrence (Doc. 259) is granted in part and denied in part.

Dated this 7th day of June 2007, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**

-3-