## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUINTIN WEBB, et al.,        ) | |
|        ) | |
| **Plaintiffs,**        ) | |
|        ) | |
| **v.**        ) | |
|        ) | **No. 05-2137-CM** |
|        ) | |
| DELUXE FINANCIAL SERVICES, INC.,        ) | |
|        ) | |
| **Defendant.**        ) | |
|        ) | |

## MEMORANDUM AND ORDER

On September 22, 2006, this court ruled that, "To the extent that Lynda McClelland's claims relate to [the February 26, 1999] payroll check [("February check")], her claims are not barred." *Webb v. Deluxe Fin. Servs., Inc.*, No. 05-2137, 2006 WL 2714268, at *2 (D. Kan. Sep. 22, 2006) ["Doc. 219"].  Based on this statement, defendant now moves for summary judgment against the claims of plaintiff Lynda McClelland ["plaintiff"] (Doc. 330).  The court grants the motion.

**I.      Background**

Plaintiff Lynda McClelland is a former employee of defendant.  Along with other plaintiffs, she alleged: (1) disparate treatment based on race; (2) hostile work environment; (3) retaliation; and (4) intentional discrimination.  After general analysis regarding the statute of limitations and equitable tolling, the court previously held that plaintiff's claims were time-barred except "to the extent [her] claims relate to [the February check] . . . ."  (Doc. 219, at 4).  This was based on the court's determination that "any claim regarding employment practices that ended before approximately April 15, 1998 would be barred regardless of its association with the *Aikens* class." *Id.*

On April 27, 2007, plaintiff filed a motion to reconsider that order. (Doc. 302). At that time, plaintiff argued that reconsideration was necessary for two reasons. First, plaintiff argued, without supporting evidence, that new evidence supports plaintiff's claims that she was subjected to discriminatory treatment after April 15, 1998. Second, plaintiff argued that "[j]ustice requires that [plaintiff] be allowed to conduct further discovery to develop evidence to support her discrimination claims regarding employment practices that ended after April 15, 1998." (Doc. 302, at 7). From these arguments, plaintiff concluded that the court should clarify that "any discrimination claim regarding employment practices that ended after April 15, 1998[] would not be time-barred." *Id.* at 8.

On May 22, 2007, the court ruled on defendant's Motion for Clarification of the Order of September 22, 2006 and plaintiff 's Motion for Reconsideration and Clarification of the Order of September 22, 2006. *Webb v. Deluxe Fin. Servs., Inc.*, No. 05-2137, 2007 WL 1520919 (D. Kan. May 22, 2007) ["Doc. 313"]. In that order, this court denied both motions, stating "The court specified in its ruling that plaintiff McClelland could pursue claims related to the [February check]." The court also made clear that at that time it "[made] no findings . . . about the merits of any claim that plaintiff has relating to her [February check]." *Id.* at *2.

On September 14, 2007, defendant filed the present motion. Defendant asserts three arguments: (1) that the Supreme Court's recent decision in *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162 (2007)—issued on May 29, 2007—prevents any of plaintiff's claims from relying on the February check to avoid being time-barred; (2) that the February check was issued as part of an automated system; and (3) that none of plaintiff's claims relate to the February check.

In response, plaintiff argues that *Ledbetter* is inapplicable to her claims. Plaintiff makes this

assertion for two reasons.  First, *Ledbetter* addressed Title VII claims, while plaintiff brings her claims under 42 U.S.C. § 1981.  Second, plaintiff contends that under Fed. R. Civ. P. 15(c), the second-amended complaint in *Aikens* related back to the original complaint.  This extends the tolling period previously addressed from April 15, 1998 to October 4, 1997.  Because all of the discriminatory acts alleged occurred during this period, *Ledbetter* is irrelevant.  Additionally, plaintiff asserts that her "five claims of discrimination which remain in this lawsuit" relate to her February check.  Specifically, plaintiff claims that (1) the "discrimination increases in hourly rates" claim relates to the February check because "one of the factors which determines the amount of an employee's bonus is the amount of the employee's salary" (Doc. 360, at 22); (2) the "Discriminatory Severance Pay" claim relates to the February check because "under [plaintiff's] severance package, she was also eligible to participate in the bonus program" (*Id.* at 23); (3) the "Discriminatory Failure to Promote" claim relates to the February check because "if [plaintiff] had been promoted in March of 1998, she would have worked for [defendant] during the remaining months in 1998[, which] would have increased [the February check]" (*Id.* at 23); (4) the "Discriminatory Failure to Hire" claim relates to the February check because "if [plaintiff] had been hired or transferred in March or April of 1998, she would have worked for Deluxe during the remaining months of 1998[, which] would have increased [the February check]" (*Id.* at 25); and (5) the "Discriminatory Failure to Train" claim relates to the February check because "if [plaintiff] had been properly trained, she would have either been hired or transferred to another . . . position within [defendant] in March or April of 1998[, which] would have increased the amount of [the February check]" (*Id.* at 26).  Lastly, plaintiff notes, however, that because the alleged acts occurred within the limitation period—based on the October 4, 1997 date—whether her claims relate to the February check is irrelevant.

## II.    Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.    Analysis

The court begins by addressing plaintiff's contentions that the statute of limitations reaches back to October 4, 1997 because the *Aikens* complaints' relation back extends the equitable tolling and that, as a result, plaintiff's claims do not need to relate to the February check. As noted, on September 22, 2006, this court stated "**It is further ordered** that Defendant's Motion for Summary Judgment (Doc. 95) is granted on any of plaintiff's claims that do not relate to the [February check]." (emphasis in original). Plaintiff filed a motion to reconsider this order, which asked the court to "clarify that any discrimination claim regarding employment practices that ended **after** April 15, 1998, would not be time-barred" (emphasis added). On May 22, 2007, the court denied that motion because plaintiff failed to meet her burden to show that reconsideration was necessary.

For the court to accept plaintiff's assertion that her claims do not need to relate to the February check, the court would have to reconsider its ruling that granted summary judgment "on any of plaintiff's claims that do not relate to the [February check]." Plaintiff's effort to challenge this prior determination does not satisfy the requirements of a proper motion to reconsider. Because plaintiff raises this issue more than one year after the court denied her earlier motion to reconsider and almost two years after the court's initial ruling on the issue, plaintiff's present argument is not

timely.  This is true regardless of whether the issue is considered to be dispositive or non-

dispositive.  *See* D. Kan. R. 7.3 ("Motions seeking reconsideration of non-dispositive orders shall be

filed within ten days after the filing of the order unless the time is extended by the court.")

(identifying Fed. R. Civ. P. 59(e), 60 as controlling for dispositive motions); Fed. R. Civ. P. 59(e)

("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of

judgment."); Fed. R. Civ. P. 60 ("The motion shall be made within a reasonable time and for reasons

[(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3)

fraud] not more than one year after the judgment, order, or proceeding was entered or taken.").

        The court acknowledges that its prior statements regarding tolling calculations were narrow

and limited.  *See, e.g.,* Doc. 313, at 2 ("If the parties present a particular situation in which the court

must determine whether the same analysis applies or whether alternative analysis applies, the court

will address the issue at that time.").  In contrast, the court's determinations regarding the status of

plaintiff's claims that were unrelated to the February check were clear and unambiguous.  Moreover,

the court notes that plaintiff's prior arguments that the court should reconsider the status of her

claims related only to events that ended after April 15, 1998.  Without indicating the discovery of

new evidence or change in law, plaintiff presently asserts five claims based on events that occurred

before April 15, 1998.  Based on these considerations, the court rejects plaintiff's argument that her

claims do not need to relate to the February check.

        Plaintiff argues that each of her claims relates to the February check.  Although plaintiff

concedes that a fixed percentage of her eligible earnings dictated the amount of the February check,

and plaintiff concedes that the same fixed percentage applied to each participating employee,

plaintiff argues that prior employment decisions affected her eligible earnings.  As a result, the

decisions also affected the amount of her February check.  For example, plaintiff argues that the pay

increase she received on October 15, 1997 was lower than a co-worker's pay increase. Had plaintiff received the claimed proper, larger increase, her eligible earnings would have been higher. This would have increased the amount of the February check. Plaintiff makes similar arguments for the amount of the severance pay plaintiff received in March of 1998, the denial of a promotion in February 1998, the refusal to hire or transfer plaintiff in March or April of 1998, and the failure to train plaintiff in February 1998.

Plaintiff's argument contradicts the notion of a discrete employment act that connects discriminatory intent with the corresponding discriminatory act. *See Ledbetter*, 127 S. Ct. at 2170 ("Ledbetter's attempt to take the intent associated with the prior pay decisions and shift it to the 1998 pay decision is unsound. It would shift intent from one act . . . to a later act that was not performed with bias or discriminatory motive. The effect of this shift would be to impose liability in the absence of the requisite intent."). Under plaintiff's analysis, any prior decision that affected the amount of her eligible earnings would "relate" to the February check. By this logic, plaintiff's starting pay rate, or any decision regarding pay would relate the February check. The majority opinion in *Ledbetter* explicitly rejected this approach. *Id.* at 2175–76 ("[T]he dissent would apply the same rule in all pay cases, then, if a single discriminatory pay decision made 20 years ago continued to affect an employee's pay today, the dissent would presumably hold that the employee could file a timely EEOC charge today. . . . We refuse to take that approach."). As a result, plaintiff's argument overextends the definition of "relates" in this context. Consequently, the court has already granted summary judgment for defendant on plaintiff's claims.

Even if the court were to assume that plaintiff's claims relate to the February check, summary judgment would remain appropriate. In *Ledbetter*, the Supreme Court held that "a new Title VII violation does not occur and a new charging period is not triggered when an employer

issues paychecks pursuant to a system that is 'facially nondiscriminatory and neutrally applied.'" 127 S. Ct. at 2174 (quoting *Lorance*, 490 U.S. at 911). "The fact that precharging period discrimination adversely affects the calculation of a neutral factor . . . that is used in determining future pay does not mean that each new paycheck constitutes a new violation and restarts the EEOC charging period." *Id.*

Plaintiff brings her claims under 42 U.S.C. § 1981. While the Tenth Circuit has not applied *Ledbetter* to § 1981 claims, it has applied *Ledbetter* beyond Title VII. *See Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1207 (10th Cir. 2007) (applying *Ledbetter* in analysis regarding the timeliness of ADA claims). Other courts have applied *Ledbetter* to § 1981 claims. *See, e.g., Paul v. Wyeth Pharm., Inc.*, No. 07 Civ. 950(CLB), 2008 WL 552554, at *9 (S.D.N.Y. Feb. 28, 2008); *Longmire v. Wyser-Pratte*, No. 05 Civ. 6725(SHS), 2007 WL 2584662, at *13 (S.D.N.Y. Sept. 6, 2007); *Vereen v. Woodland Hills Sch. Dist.*, No. CV-06-462, 2008 WL 794451, at *16 (W.D. Pa. Mar. 24, 2008); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 661, 684 n.108 (S.D. Tex. 2007). Because the elements for racial discrimination claims brought under § 1981 and Title VII are the same, it is reasonable to apply *Ledbetter* to § 1981 claims. *See Carney v. City & County of Denver*, No. 06-1490, 2008 WL 2838134, at *3 (10th Cir. July 24, 2008) ("In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under § 1981 . . . or Title VII.").

Here, plaintiff concedes that the February check was issued as part of an automatic percentage calculation, a nondiscriminatory system. Even if plaintiff's claims relate to the February check under a broad definition of "relate," the February check cannot further extend the statute of limitations. Similarly, the February check cannot serve as a basis for plaintiff's claims. *See Ledbetter*, 127 S. Ct. at 2172 ("We therefore reject the suggestion that an employment practice

committed with no improper purpose and no discriminatory intent is rendered unlawful nonetheless because it gives some effect to an intentional discriminatory act that occurred outside the charging period.").

Because the court previously granted summary judgment for defendant on all of plaintiff's claims that do not relate to the February check, and the court finds that plaintiff's present claims do not relate to the February check, defendant's present motion only addresses claims that the court has already ruled must be dismissed.  Even if plaintiff's claims relate to the February check, the intervening *Ledbetter* decision would entitle defendant to judgment as a matter of law.  Defendant's Motion for Summary Judgment Against the Claims of Lynda McClelland (Doc. 330) is granted.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment Against the Claims of Lynda McClelland (Doc. 330) is granted.

Dated this 15th day of August 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
